**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JERMAINE RICHARD,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No.** <u>4:24-cv-4908</u> |
| | § | |
| **SAM'S EAST, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**<u>DEFENDANT'S NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. § 1441, Defendant Sam's East, Inc. ("Defendant" or "Sam's East") submits this Notice of Removal ("Notice") to remove this civil action from the 129th Harris County, Texas District Court to the United States District Court for the Southern District of Texas, Houston Division.  In support thereof, the Defendant states as follows:

**I. RELEVANT FACTS**

1.     On March 15, 2024, Jermaine Richard ("Plaintiff" or "Richard") filed his Original Petition against Defendant in the 129th Harris County, Texas District Court bearing Cause No. 202416970.  *See* Pl.'s Orig. Pet.

2.     On April 12, 2024, Plaintiff filed his First Amended Petition. *See* Pl.'s First Am. Pet.

3.     Defendant timely filed its Special Exceptions, Original Answer, and Defenses to the First Amended Petition on May 13, 2024.  *See* Def.'s Special Exceptions, Orig. Ans. and Defenses.

1

4.      On September 9, 2024, the state court granted Defendant's special exceptions and ordered Plaintiff to amend his petition to identify the statutes under which he was suing and include the amount in controversy.

5.      On October 7, 2024, Plaintiff filed his Second Amended Petition. *See* Pl.'s Second Am. Pet.    Plaintiff's Second Amended Petition is his live pleading.

6.      In Plaintiff's live pleading, Plaintiff asserts claims for alleged racial discrimination, harassment, and defamation.   However, despite the state court's order to identify the statutes under which he was suing Defendant, he failed to do so. Plaintiff did include the amount he was seeking, over $3 million.

7.      On October 23, 2024, Defendant served Requests for Admissions on Plaintiff. Because Plaintiff failed to respond to Defendant's Requests for Admissions, the requests are deemed admitted by Plaintiff.[1]  Plaintiff admitted the following:

a.      that he is domiciled in Texas;

b.      that he currently resides in Texas; and

c.      that he brings claims of discrimination and hostile work environment (harassment) in violation of Title VII of the Civil Rights Act of 1964.

8.      The removal period has not yet expired.

## II. BASES FOR REMOVAL

9.      This action is removable to the United States District Court under 28 U.S. Code § 1441(b) and (c) based on diversity jurisdiction and federal question jurisdiction.

**A.      Diversity Of Citizenship**

---

[1] Even with consideration of the "mailbox" rule, Fed. R. Civ. P. 6(d), Plaintiff's responses were due on November 25, 2024.

10.    This Court possesses original subject matter jurisdiction based upon diversity jurisdiction because this action is between citizens of different states and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332(a).

11.    This Notice is timely filed within thirty (30) days of November 25, 2024, the first "paper" from which Defendant could ascertain that the claims asserted in this matter were removable. 28 U.S.C. §1446(b)(3). Because Plaintiff failed to respond to Defendant's Requests for Admissions, he admitted that he is domiciled in Texas and that he currently resides in Texas.

12.    Complete diversity of parties exists where the Plaintiff and Defendant are citizens of different states.  *See* 28 U.S.C. § 1332(a)(1). Here, there is complete diversity between Plaintiff and Defendant. Plaintiff is a resident of Texas. Defendant is incorporated in the State of Arkansas, and its principal place of business is in Arkansas.

13.    The amount in controversy exceeds $75,000. As noted above, Plaintiff indicates in his Petition that he seeks "the sum of Three Million Six Thousand Five Hundred Sixty Two ($3,006,562.00) Dollars[.]" *See* Plaintiff's Second Amended Petition. These facts are sufficient to sustain this removal as it is "facially apparent" that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.  *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

**B.  Federal Question Jurisdiction**

14.    This court also has original subject matter jurisdiction based upon federal question jurisdiction.  *See* 28 U.S.C. § 1331. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

15.     This Court possesses original jurisdiction because Plaintiff asserts causes of action under Title VII. Because Plaintiff failed to respond to Defendant's Requests for Admissions, he admitted that he is asserting claims under Title VII of the Civil Rights Act of 1964.

16.     This Court also has supplemental jurisdiction over Plaintiff's defamation claim as it is "part of the same case or controversy."  28 U.S.C. §1367(a).

17.     In all, the court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1332, and this matter is properly removed by Defendant under 28 U.S.C. § 1441.

### III. REMOVAL REQUIREMENTS HAVE BEEN MET

18.     Venue in the Southern District of Texas is proper under 28 U.S.C. §1441(a) because the state court where the action is pending is located in this district.

19.     By virtue of this Notice, Defendant does not waive its right to assert any claims or other motions, including Rule 12 motions, permitted by the Federal Rules of Civil Procedure.

20.     No admission of fact, law, or liability is intended by the Notice, and Defendant expressly reserves all defenses and affirmative defenses.

21.     There are no other defendants from whom consent to remove is required.

22.     This Notice is signed pursuant to Federal Rule of Civil Procedure 11.

23.     Pursuant to Local Rule 81, this Notice is accompanied by copies of the following documents:

A.  All executed process in the case (**Exhibit A**);

B.  Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (**Exhibit B**);

C.  All orders signed by the state judge (**Exhibit C**);

D.  The docket sheet (**Exhibit D**);

4

E.  Index of all documents filed in State Court (**Exhibit E**); and

F.  A list of all counsel of record, including addresses, telephone numbers and parties represented (**Exhibit F**).

24.  Pursuant to 28 U.S.C. §1446(d), Defendant will provide written notice of the filing of this Notice to all adverse parties, and a copy of this Notice is also being filed with the Clerk of the state court in which this case was originally filed.

**IV.**
**CONCLUSION AND PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court deem this Notice to be good and sufficient, and that the Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with law.

Respectfully submitted,

*/s/Lariza Hebert*
**LARIZA HEBERT**
**ATTORNEY-IN-CHARGE**
State Bar No. 24098287
Southern District ID No. 2944441
lhebert@fisherphillips.com
**EMMA BROCKWAY**
State Bar No. 24125156
Southern District ID No. 3709883
ebrockway@fisherphillips.com
**FISHER & PHILLIPS LLP**
910 Louisiana Street, Suite 4000
Houston, Texas 77002
( (713) 292-0150 Office
(713) 292-0151 Fax

**ATTORNEYS FOR DEFENDANT,**
**SAM'S EAST, INC.**

5

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 13th day of December 2024, the foregoing *Notice of Removal* was electronically filed with the Clerk of Court using the CM/ECF system, and was served on Plaintiff via email, facsimile, or certified mail, return receipt requested, addressed as follows:

Jermaine Richard
13503 N Thorntree Dr.
Apartment 170
Houston, TX 77015
Jrichard866@gmail.com
**PLAINTIFF (*PRO SE*)**

*/s/Lariza Hebert*
**LARIZA HEBERT**

6