United States District Court
Southern District of Texas
**ENTERED**
May 23, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERMAINE RICHARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-4908 |
| | § | |
| SAM'S EAST, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Jermaine Richard ("Plaintiff") brought this action against his employer Sam's East, Inc. ("Defendant").¹ Plaintiff alleges that Defendant has discriminated against him on the basis of race, retaliated against him for opposing the discrimination, and defamed him. Pending before the court is Defendant's Motion for Summary Judgment ("Defendant's MSJ") (Docket Entry No. 8). Because Plaintiff has not responded and has not asked for time to conduct discovery, Defendant's Motion for Summary Judgment will be granted.

### I. Background

Plaintiff is a black man residing in Houston, Texas.² Defendant owns the Sam's Club store where Plaintiff works.³

---

¹Jermaine Richard's Second Amendment Petition ("Second Amended Petition"), Exhibit B.4 to Defendant's Notice of Removal, Docket Entry No. 1-2, pp. 47-63. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

²Id. at 47; Citation (Certified), Exhibit A to Defendant's Notice of Removal, Docket Entry No. 1-1, p. 4.

³See id.

Plaintiff brought this action against Defendant in the 129th Judicial District Court of Harris County, Texas, and Defendant removed the action to this court.[4]

The Second Amended Petition recites an alleged history of Plaintiff's employment with Defendant, including racist remarks by some of his managers and coworkers. Plaintiff alleges that his managers and coworkers stated that they "had to be harder on me because I was black," asked Plaintiff if he "knew how many black people had been the CEOs of Sam's Club," "made inappropriate jokes referring to my skin tone being dark," and referred to black female associates as "ghetto."[5]

Plaintiff alleges that managers were dismissive when he complained of racist remarks, including his store's General Manager stating, "'I don't have time for that shit right now and next time you gotta find somebody else to talk to about that.'"[6] Plaintiff alleges that he was fired a few days after complaining to the General Manager.[7] Plaintiff appealed his firing internally and got his job back.[8]

Plaintiff alleges that since returning to work, he has "been met with more harassment than any job I have ever worked at[,]"

---

[4] Defendant's Notice of Removal, Docket Entry No. 1, p. 1.

[5] Second Amended Petition, Exhibit B.4 to Defendant's Notice of Removal, Docket Entry No. 1-2, pp. 47-48, 56-57.

[6] Id. at 57.

[7] Id.

[8] Id. at 58.

with "threats of being coached for many transgressions I see my fellow technicians and other associates get away with," such as wearing his hat backwards.[9]

The Second Amended Petition does not identify the claims or statutes that Plaintiff is relying on. Defendant states that it served Requests for Admissions on Plaintiff to clarify his claims. In particular Defendant asked Plaintiff to admit that he brought discrimination and hostile work environment claims under the Civil Rights Act of 1964, and Defendant argues that Plaintiff admitted by not responding.[10] Reading the pro se Second Amended Petition liberally, the court construes it to allege Title VII discrimination and hostile work environment claims (under 42 U.S.C. § 2000e-2(a)(1)), a Title VII retaliation claim (under 42 U.S.C. § 2000e-3(a), and a defamation claim (under Texas common law).

Defendant filed its Motion for Summary Judgment on April 22, 2025.[11] Under Local Rule 7.3, the deadline to respond was May 13, 2025.[12] Plaintiff has not filed a response or asked for a continuance.

---

[9]Id. at 60.

[10]Defendant's Notice of Removal, Docket Entry No. 1, p. 2 ¶ 7.

[11]Defendant's MSJ, Docket Entry No. 8.

[12]Local Rules of the United States District Court for the Southern District of Texas, Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel."). See also Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition."). But Plaintiff's failure to respond is not in itself grounds for granting the motion. Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012). The court must assess the motion to determine whether summary judgment is warranted. See id.

## II. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). "[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." Id. at 2554. Then "the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013).

"[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). "'Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule [56(d)] is his remedy.'" Dominick v. Mayorkas, 52 F.4th 992, 995 (5th Cir. 2022). Rule 56(d) "'provides a mechanism for dealing with the problem of premature summary judgment motions.'" United States ex rel. Johnson v. Raytheon Co., 563 F. Supp. 3d 599, 621 (N.D. Tex. 2021). It states:

-4-

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "The trial judge has broad discretion to order a continuance to permit discovery to be had, to refuse to grant summary judgment or to 'make such other order as is just.'" Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc., 48 F.3d 927, 930 (5th Cir. 1995). "[U]nder Rule 56(d), deferring summary judgment and ordering discovery is appropriate only if the 'nonmovant shows . . . it cannot present facts essential to justify its opposition.'" Mendez v. Poitevent, 823 F.3d 326, 336 (5th Cir. 2016) (quoting Fed. R. Civ. P. 56(d)). The Fifth Circuit "has foreclosed a party's contention . . . that it had inadequate time to marshal evidence to defend against summary judgment when the party did not seek Rule [56(d)] relief before the summary judgment ruling." Fanning v. Metropolitan Transit Authority of Harris County, Texas, 141 F. App'x 311, 314-15 (5th Cir. 2005) (per curiam).

"The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). Courts may consider exhibits attached to the pleadings, Lester v. United States, 947 F.2d 950, 950 n.2 (9th Cir. 1991), but they need not do so if not cited in the summary judgment briefing.

See <u>Walgreen of Hawaii, LLC v. Lin's Properties, LLC</u>, Civil No. 23-00253 JAO-RT, 2024 WL 4472082, at *7 (D. Haw. June 7, 2024).

### III. <u>Substantive Law</u>

**A.  Title VII**

Title 42 U.S.C. § 2000e-2(a) states:

It shall be an unlawful employment practice for an employer--

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]

"To establish a <u>prima facie</u> claim for race discrimination under Title VII, a plaintiff must show

> 'that he (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.'"

<u>Ernst v. Methodist Hospital System</u>, 1 F.4th 333, 339 (5th Cir. 2021). "To state a hostile work environment claim under Title VII, the plaintiff must show that: (1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's employer knew or should have known of the harassment and failed to take prompt

-6-

Case 4:24-cv-04908   Document 9   Filed on 05/23/25 in TXSD   Page 7 of 9

remedial action." E.E.O.C. v. WC&M Enterprises, Inc., 496 F.3d 393, 399 (5th Cir. 2007).

Title 42 U.S.C. § 2000e-3(a) states that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter[.]" "A [Title VII] retaliation claim has three elements: (1) the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action." Brazoria County, Texas v. E.E.O.C., 391 F.3d 685, 692 (5th Cir. 2004).

**B.  Defamation**

"To maintain a defamation cause of action [under Texas law], the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with . . . negligence, if the plaintiff was a private individual, regarding the truth of the statement." Ridge Petroleum, Inc. v. Energy Ops, LLC, 611 S.W.3d 36, 45 n.6 (Tex. App.—El Paso 2020).

### IV.  Analysis

Although summary judgment motions are often filed after substantial discovery, Rule 56 allows them to be filed at any time until 30 days after the close of discovery. Fed. R. Civ. P. 56(b).

-7-

If a summary judgment motion is premature, the nonmoving party's recourse is to ask for more time under Rule 56(d). But such relief is only appropriate if the nonmoving party has sought relief and explained what discovery is needed to respond to the summary judgment motion. See Mendez, 823 F.3d at 336. The deadline to respond to Defendant's MSJ has passed, and Plaintiff has not responded or asked for more time. Moreover, the Joint Discovery/Case Management Plan shows that Plaintiff did not respond to any of the questions about what discovery he planned to seek.[13]

The Second Amended Petition cites attached exhibits including "photo evidence" and "audio files."[14] The court has been unable to find the contents of these exhibits in the record. In any event, the nonmoving party has the burden of attaching and citing to particular summary judgment evidence. Although the court can and has tried to consider other materials in the record, "[t]he court need only consider the cited materials[.]" Fed. R. Civ. P. 56(c)(3). The court does not lightly dispose of pro se claims of racial discrimination. But because Plaintiff has not cited and the court has not found any evidence to support Plaintiff's claims and because Plaintiff has not sought time to conduct discovery under Rule 56(d), Defendant's MSJ will be granted.

---

[13] Joint Discovery/Case Management Plan, Docket Entry No. 5, pp. 2-4.

[14] Second Amended Petition, Exhibit B.4 to Defendant's Notice of Removal, Docket Entry No. 1-2, pp. 60-61.

## V. Conclusion and Order

Defendant has carried its summary judgment burden of showing that there is an absence of evidence to support Plaintiff's claims. Plaintiff has not responded with any summary judgment evidence and has not sought time to conduct discovery. Defendant's Motion for Summary Judgment (Docket Entry No. 8) is therefore **GRANTED,** and the court will enter a take-nothing judgment. The clerk is **ORDERED** to provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 23rd day of May, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE